Nos. 83,110
83,111
83,265

IN THE MATTER OF THE APPLICATION OF ABBOTT ALUMINUM, INC., FOR EXEMPTION FROM AD VALOREM TAXATION IN POTTAWATOMIE COUNTY, KANSAS.

IN THE MATTER OF THE APPLICATION OF TRANSPORTATION DESIGN AND MANUFACTURING FOR EXEMPTION FROM AD VALOREM TAXATION IN POTTAWATOMIE COUNTY, KANSAS.

IN THE MATTER OF THE APPLICATION OF MANKO WINDOW SYSTEMS, INC., FOR EXEMPTION FROM AD VALOREM TAXATION IN POTTAWATOMIE COUNTY, KANSAS.

(8 P.3d 729)

Opinion filed July 14, 2000.

*William L. Frost*, of Morrison, Frost & Olsen, of Manhattan, argued the cause, and *John D. Conderman*, of Arthur-Green, LLP, of Manhattan, was with him on the brief for appellants Abbott Aluminum, Inc., Transportation Design and Manufacturing, and Manko Window Systems, Inc.

No appearance by appellee Pottawatomie County.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This case consists of three consolidated appeals from orders of the Board of Tax Appeals (BOTA). The appellants

are Abbott Aluminum, Inc. (Abbott), Transportation Design and Manufacturing (TDM), and Manko Window Systems, Inc. (Manko). Applications for exemptions for some personal property acquired by the appellants after start-up were denied by BOTA. Abbott, TDM, and Manko appeal BOTA's adverse rulings. The case was transferred from the Court of Appeals pursuant to K.S.A. 20-3018(c).

For economic development purposes, the City of Manhattan (City) enacted ordinances under the authority of Kan. Const. art. 11, § 13, exempting for 8 years property belonging to Abbott and exempting for 10 years property belonging to TDM and Manko from ad valorem taxation. The validity of the ordinances is not in question.

Abbott. In 1994, Abbott's initial request for exemption under Manhattan Ordinance No. 4787 was granted for the most part by BOTA. Abbott located in Manhattan coincident with the ordinance.

After adding some personal property to the business, Abbott requested in 1996 that the added property be exempted. BOTA denied the request on the ground that the "after-acquired" property was not exempted by the ordinance. BOTA declined to reconsider its decision. The district court reversed BOTA's decision on the ground that neither the constitutional provision nor the ordinance limited Abbott's exemption to start-up property. On remand, BOTA followed the directive of the district court and granted the exemption request.

In 1998, Abbott requested that more added property be exempted. Since BOTA's order granting the exemption at the direction of the district court, the district court's statutory authority to review BOTA orders relating to tax exemptions had been repealed. L. 1998, ch. 146, § 3(c)(4). In an order dated March 5, 1999, BOTA denied the request for exemption. BOTA also denied the request for reconsideration of its ruling. It is the March 5, 1999, order that is before this court.

In 1999, BOTA denied an Abbott request for an exemption and then, on reconsideration, reversed itself. The order on reconsid-

eration granting the application requesting an exemption from ad valorem taxation is dated July 8, 1999.

It appears, therefore, that Abbott's exemption applications have been granted for every year but 1998. Abbott's application for that year identifies the property for which the exemption is sought as "Personal Property Acquired in 1997." The list of property consists of what appear to be six pieces of machinery and a computer. The total value is $23,194.45.

TDM. In 1996, TDM's initial request for exemption under Manhattan Ordinance No. 4963 was granted by BOTA. TDM located in Manhattan coincident with the ordinance.

After adding some personal property to the business, TDM requested in 1997 that the added property be exempted. Citing the district court order regarding Abbott's after-acquired property exemption request, BOTA granted the request.

In 1998, TDM requested that more added property be exempted. TDM's application for that year identifies the property for which the exemption is sought as "personal property acquired in late 1996 and 1997." The list of property includes computer equipment, office furniture, office machines, office furnishings, an oil painting for the lobby, mowers, and an air compressor. The total value is $160,949.40. Since BOTA's order granting the exemption at the direction of the district court, the district court's statutory authority to review BOTA orders relating to tax exemptions had been repealed. L. 1998, ch. 146, § 3(c)(4). In an order dated February 16, 1999, BOTA denied the request for exemption. BOTA also denied the request for reconsideration of its ruling. It is the February 16, 1999, ruling that is before this court.

Manko. In 1998, Manko's initial request for exemption under Manhattan Ordinance No. 4964 was granted by BOTA. Manko, which already was located in Manhattan, expanded its facilities there.

After adding some personal property to the business, Manko requested in 1999 that the added property be exempted. Manko's application for that year identifies three categories of after-acquired property for which it seeks exemption. The first category is "machinery/equipment" and totals $242,826.29. It includes a snow

plow, irrigation system, and water well, along with many pieces of machinery. The second category is "office equipment" and totals $128,816.38. There is only one item in the third category, and it is test lab/storage racks at a cost of $51,940.60. The total for the three categories is $423,583.27. Citing its own orders denying the Abbott and TDM requests for exemptions on after-acquired property, BOTA denied the request for exemption in an order dated March 22, 1999. BOTA also denied the request for reconsideration of its ruling. Subsequent to the above denials, a change in BOTA's membership was reflected in reconsideration and approval of several similar applications for exemptions. Thus, this appeal focuses very narrowly on the above-described denials of new items.

This appeal comes to us in a somewhat unusual posture. The requested exemptions at issue were granted by the City and approved by the Pottawatomie County appraiser. Thus, there is no party asking this court to affirm the BOTA order denying the exemptions. There is no appellee brief or argument to affirm the order. The Pottawatomie County counselor waived oral argument, and the Manhattan city counselor represents the appellants in this appeal.

The City enacted the ordinances at issue under authority granted by Kan. Const. art. 11, § 13, by which the state constitution was amended in 1986 to permit cities and counties to exempt property from ad valorem taxation for economic development purposes. Art. 11, § 13 provides:

"(a) The board of county commissioners of any county or the governing body of any city may, by resolution or ordinance, as the case requires, exempt from all ad valorem taxation all or any portion of the appraised valuation of: (1) All buildings, together with the land upon which such buildings are located, and all tangible personal property associated therewith used exclusively by a business for the purpose of: (A) Manufacturing articles of commerce; (B) conducting research and development; or (C) storing goods or commodities which are sold or traded in interstate commerce, which commences operations after the date on which this amendment is approved by the electors of this state; or (2) all buildings, or added improvements to buildings constructed after the date on which this amendment is approved by the electors of this state, together with the land upon which such buildings or added improvements are located, and all tangible personal property purchased after such date and associated therewith, used exclusively for the purpose of: (A) Manufacturing articles of commerce; (B) conducting research and

development; or (C) storing goods or commodities which are sold or traded in interstate commerce, which is necessary to facilitate the expansion of any such existing business if, as a result of such expansion, new employment is created.

"(b) Any ad valorem tax exemption granted pursuant to subsection (a) shall be in effect for not more than 10 calendar years after the calendar year in which the business commences its operations or the calendar year in which expansion of an existing business is completed, as the case requires.

"(c) The legislature may limit or prohibit the application of this section by enactment uniformly applicable to all cities or counties.

"(d) The provisions of this section shall not be construed to affect exemptions of property from ad valorem taxation granted by this constitution or by enactment of the legislature, or to affect the authority of the legislature to enact additional exemptions of property from ad valorem taxation found to have a public purpose and promote the general welfare."

The legislature has seen fit to limit application of the amendment, as it is expressly authorized to do in subsection (c) of art. 11, § 13. The procedure for requesting an exemption from ad valorem taxes pursuant to the provisions of art. 11, § 13 is spelled out in K.S.A. 1999 Supp. 79-213. Subsections (a) and (b) of 79-213 require a property owner to file an initial request, which identifies the property for which the exemption is sought. The request is filed with the appraiser of the county where the property is located, and the county appraiser makes a recommendation and then files it and the request with BOTA. K.S.A. 1999 Supp. 79-213(c) through (e). BOTA, on its own initiative or the suggestion of a party, may schedule a hearing on the request. A hearing is to be conducted in accordance with the Kansas Administrative Procedure Act, K.S.A. 77-501 *et seq.* K.S.A. 1999 Supp. 79-213(g).

K.S.A. 1999 Supp. 79-251 requires cities to prepare cost/benefit analyses and to conduct public hearings in contemplation of granting exemptions:

"Prior to the granting of an exemption for any property from ad valorem taxation pursuant to the provisions of section 13 of article 11 of the Kansas constitution, the board of county commissioners of any county or the governing body of any city, as the case requires, shall be required to do the following:

"(a) Develop and adopt official policies and procedures for the granting of such exemptions including:

(1) The required preparation of an analysis of the costs and benefits of each exemption, including the effect of the exemption on state revenues, prior to the granting of such exemption;

(2) a procedure for monitoring the compliance of a business receiving an exemption with any terms or conditions established by the governing body for the granting of the exemption;

"(b) conduct a public hearing on the granting of such exemption. Notice of the public hearing shall be published at least once seven days prior to the hearing in the official city or county newspaper, as the case requires, and shall indicate the purpose, time and place thereof. In addition to such publication notice, the city or county clerk, as the case requires, shall notify in writing the governing body of the city or county and unified school district within which the property proposed for exemption is located; and

"(c) adopt a resolution containing the following findings of fact:

(1) That the property for which the exemption is to be granted will be used exclusively for the purposes specified in section 13 of article 11 of the Kansas constitution; and

(2) if the business using the property is relocating from one city or county to another within this state, that the business has received approval of the secretary of commerce and housing prior to qualifying for the exemption upon a finding by the secretary that such relocation is necessary to prevent the business from relocating outside this state."

Appellants first argue that BOTA exceeded its authority. They contend that BOTA's consideration of the applications for exemption is limited to determining that the property, which is the subject of the application, is (1) located on the exempted real estate and (2) used exclusively for the purposes set forth in the constitutional amendment. They cite no authority for these limitations. As already noted, the legislature invested BOTA with authority to review the applications for economic development exemptions and specified that BOTA hearings on these applications would conform with the Kansas Administrative Procedure Act. There is nothing in the authorizing statutes that would limit BOTA's review as advocated by appellants. K.S.A. 77-513 through 77-532. It appears instead that BOTA's review was intended to serve the purpose of ensuring that the applicant and the governing body satisfied all relevant constitutional and statutory requirements. The question for this court is to determine if BOTA's interpretation of the law is erroneous.

Appellants also argue that BOTA's adverse decisions are unreasonable, arbitrary, and capricious in that BOTA failed to follow its own precedents. According to appellants, once BOTA reversed itself to grant an exemption request at the direction of the district

court, it was bound by that ruling. Then, conceding that the doctrine of stare decisis is generally not applied to decisions of administrative tribunals, appellants argue that BOTA nevertheless must give reasons for a departure. Because BOTA failed to rationalize its departure, appellants' argument concludes, its adverse ruling was arbitrary and capricious. The flaw in this argument is that BOTA did supply the reasons for its decisions.

According to BOTA, the purpose of the K.S.A. 1999 Supp. 79-251 requirements "is to ensure that the public has adequate information and notice regarding the effects of the exemption on local ad valorem tax dollars." In order for the economic consequences of a proposed exemption to be known, the statute requires that a cost/benefit analysis be prepared in conjunction with a city's or county's enacting an exemption ordinance. The principal concern expressed by BOTA with regard to increasing appellants' exemptions to include property added to what was initially exempted is that it could alter the ratio of cost to benefit upon which the public decision favoring exemption was based: "If the governing body grants an exemption that includes after-acquired property, the public may not be provided with adequate information regarding the effect of the exemption." As discussed below, we do believe that is a legitimate concern when considering an exemption for after-acquired personal property under the circumstances in this case.

Appellants contend that the City intended all along for its ordinances to exempt any property acquired by the businesses during the exemption periods. BOTA approved the initial exemption applications filed by each of the appellants, but disapproved applications for exemptions of after-acquired property. Initial applications were granted when BOTA found that the statutory requirements for cost/benefit analyses and public hearings were satisfied. In denying the exemptions for after-acquired property, BOTA found that the statutory requirements had not been satisfied. Thus, BOTA necessarily found that the cost of lost tax revenue for the after-acquired property had not been available for computing the cost/benefit ratios or for public consideration when the ordinances were enacted. BOTA viewed the after-acquired prop-

erty as an expansion of an existing business and thus to be considered separate and apart from the initial exemption granted for the business.

Because BOTA is a specialized agency that exists to decide tax issues, the court will defer to BOTA decisions within its expertise except where erroneous as a matter of law. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 3, 930 P.2d 1366 (1997). Tax exemption statutes are to be construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify. *In re Tax Appeal of Harbour Brothers Constr. Co.*, 256 Kan. 216, 223, 883 P.2d 1194 (1994). Appellants contend that this rule of construction does not apply because it is the ordinances rather than the statutes that grant the exemptions. Appellants' view is too narrow. We are concerned with limitations imposed by statute, and the canon does not distinguish between exemption granting and exemption limiting legislation. However, whether BOTA's interpretation of law is erroneous is a question over which this court has unlimited review. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1.

BOTA interpreted art. 11, § 13 of the Kansas Constitution to allow an exemption for a new business, and such exemption is limited to the property owned by the business and existing at the time the exemption is granted. It viewed the application for exemption of additional personal property as one for expansion of an existing business. Thus, it considered the application for additional property as separate from the initial exemption granted the appellants' new business.

As previously noted, in 1998 the Shawnee County District Court reversed a previous BOTA order denying a similar request by Abbott for exemption of additional personal property. There, as here, BOTA's rejection was based upon its interpretation that the after-acquired personal property was an expansion of the existing business. The district court rejected BOTA's interpretation of art. 11, § 13 as too narrow. The district court found neither art. 11 nor the city ordinance limited the exemption to property owned at the time of start-up. If the additional property's acquisition and use is con-

sistent with the terms and conditions of the initial exemption, then it is likewise exempt.

The purpose of art. 11, § 13 is to encourage local economic growth. When a new business locates in a community, it benefits the entire community by creating new jobs and contributing to the local economy. Here, the City granted a "blanket exemption" for all property acquired during a specified period of time. We find nothing in art. 11, K.S.A. 1999 Supp. 79-251, or the city ordinance which precludes the City from granting an exemption for additional property acquired after the initial exemption. K.S.A. 1999 Supp. 79-251(a)(2) requires that a city or county, as appropriate, set up a procedure for monitoring a business to ensure the business is complying with the terms and conditions of the exemption. Where the city or county certifies that the additional personal property's use is consistent with the terms and conditions of the initial exemption, the additional personal property should also be exempt.

We do not interpret art. 11, § 13 as limiting the initial exemption to personal property existing and owned by the business at the time the exemption is granted. Nor is the City required to view the additional personal property as an expansion of an existing business. The property at issue here is identified as office equipment, office furniture, or maintenance equipment. This is property which is necessary to operate the new business that was initially granted an exemption. It appears that most, if not all, of the property is to be used to complete equipping and furnishing that property or to maintain it. Neither logic nor reason dictates an interpretation of art. 11 or K.S.A. 1999 Supp. 79-251 to restrict the consideration of such property as an expansion of an existing business. Such a limitation is not stated in either art. 11 or by statute and is contrary to the stated purpose of art. 11. We interpret art. 11, § 13 to allow the City and county to grant an exemption when they are satisfied the additional personal property is used exclusively in the business and consistent with the terms and conditions of the initial exemption granted to appellants.

The order of BOTA denying the exemption for additional personal property is reversed.